REDMANN, Chief Judge.
We granted certiorari to review the overruling of defendant’s exception of nonjoin-der of necessary parties in plaintiffs’ suit against one of three clients for legal services rendered at that client’s request for the benefit of all three.
Defendant’s application suggested to this court, especially from the failure of plaintiffs’ letter describing the agreement to act as counsel and specifying an hourly rate to expressly so declare, a facial unlikelihood that defendant (a lawyer; the other two were a non-lawyer and a corporation) was to be responsible for 100% of plaintiff’s fees, whether alone or in solido with the other clients. Plaintiffs’ response did not directly attack this unlikelihood. We nevertheless recognize that a lawyer might well refuse to rely on a corporation and a stranger of unknown financial responsibility and insist instead to a known fellow lawyer that he agree to pay 100% of the fees to represent all (though, we repeat, one would expect a letter confirming employment and stating its other terms to have recited such an agreement).
This court also noted plaintiffs’ theoretical policy argument that it is possible to decide a suit against one of three joint obligors without joining the other two, as by judgment for a third of the total fees (in which ease the one cast would surely have no claim against the other two because they are not responsible for his third — and for the same reason cannot third-party them as joint obligors, La.C.C.P. 1111). But C.C.P. 926 expressly lists nonjoinder of a necessary party as a basis for the dilatory exception, and art. 643 expressly declares that joint obligors are necessary parties; and art. 933 provides, in effect, that upon such a dilatory exception the necessary parties must be joined under pain of dismissal of the suit. We deemed it not within a court’s power to disregard so express a statutory entitlement in a case to which it apparently applies.
We therefore granted certiorari in an order containing the above reasons.
This court’s refusal of writs on an earlier overruling of an exception of nonjoinder of indispensable parties had suggested “The potential co-obligors may be ‘necessary’ ... parties .... ” Despite that express suggestion by this court, at the hearing in the trial court on the exception of nonjoinder of *276 necessary parties plaintiffs did not offer testimony or other evidence that the bargain was that defendant would pay the full amount of the fees. The only evidence in the record is plaintiffs own letter to defendant. Plaintiffs’ brief merely argues again the legislative unwisdom of C.C.P. 926.
We accept that it is defendant’s burden, on his exception of nonjoinder of necessary parties, to establish prima facie that the obligation sued on is a joint one. We do not deem it defendant’s burden to prove jointness beyond doubt, and we concede that plaintiffs might yet prevail on this issue at trial on the merits. But we believe that plaintiffs ought not be allowed to sit in further silence at the hearing on the exception of nonjoinder when their own letter, attached by them to their petition, supports defendant’s position by its silence. See La. C.C. 2080.
We therefore conclude that the exception of nonjoinder of necessary parties must be maintained because of C.C.P. 643 and 926, with leave to amend to cure the petition’s defect, C.C.P. 933.
We recognize the possibility that plaintiffs might prove defendant’s personal liability for 100% at trial on the merits, in which case, if we have maintained the exception, the other clients will have been joined for naught. But we deem that possibility preferable to a contrary possibility, namely that plaintiffs might prove only a joint obligation (as their letter implies), in which case, if we have not maintained the exception, defendant will have been denied the joinder he is expressly entitled to under C.C.P. 643 and 926.
The judgment under review is therefore reversed, and the exception of nonjoinder of necessary parties is maintained, with leave to plaintiffs to amend within a time to be fixed by the trial court.
LOBRANO and WARD, JJ., dissent.